# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONARCH NUT COMPANY, LLC; and MUNGER FARMS,<br><br>  Plaintiffs<br><br>  v.<br><br>GOODNATURE PRODUCTS, INC; DALE WETTLAUFER; CPM WOLVERINE PROCTOR; and DOES 1 to 100 inclusive,<br><br>  Defendants | CASE NO. 1:14-CV-01461 AWI SKO<br><br>**ORDER ON DEFENDANTS' MOTION TO TRANSFER and ORDER TRANSFERING MATTER TO THE WESTERN DISTRICT OF NEW YORK**<br><br>(Doc. No. 6) |

This case stems from a commercial transaction between Plaintiffs and Defendants for equipment, expertise, and an agricultural process for drying and infusing blueberries. Plaintiffs filed suit in the Tulare County Superior Court, and Defendants removed. Plaintiffs allege claims of professional negligence, fraud and deceit, negligent misrepresentation, breach of express warranty, breach of implied warranty, strict products liability, and negligence. Defendants have filed a motion to transfer or dismiss pursuant to 28 U.S.C. § 1404.

*Defendants' Arguments*

Defendants argue that a Licensing and Royalty Agreement ("LRA") and a document entitled Quotation 1940 rev. 3 ("Quotation"), which is incorporated into the LRA, both contain exclusive and mandatory choice of law and forum selection clauses. The LRA and the Quotation establish that New York law governs all disputes between the parties, and that Buffalo, New York

is the required venue. All of the causes of action alleged by Plaintiffs are based on the contractual relationship between Goodnature Products, Inc. and Dale Wettlaufer. Further, even though CPM Wolverine Proctor ("Wolverine") did not sign the LRA or the Quotation, it designed, manufactured, and installed equipment required by the LRA and Quotation. Because Wolverine's conduct is so closely related to and intertwined with the LRA and the Quotation, Wolverine may invoke the forum selection clauses. Under the recent case of *Atlantic Marine Const. Co., Inc. v. United States Dist. Ct.*, 134 S.Ct. 568 (2013), the forum selection clauses should be enforced, and the Court should either transfer the case to the Western District of New York or dismiss the case without prejudice to refiling in the state courts in Buffalo, New York.

*Plaintiffs' Arguments*

Plaintiffs argue that LRA was signed on October 24, 2009, but the Quotation was dated September 17, 2009. Plaintiffs are not attempting to enforce the LRA, so reliance on that agreement's forum selection clause is improper. However, the forum selection clause in the Quotation is ambiguous. The Quotation's forum selection clause states that all disputes are to be settled in Buffalo, New York, but the LRA states that all disputes regarding the interpretation of the agreement is to be settled in the courts of Buffalo, New York. Because the Quotation does not use the phrase "in the courts of" Buffalo, there is an ambiguity. Because ambiguities are construed against the drafter, in this case Defendants, transfer and dismissal should be denied because the relevant clause is ambiguous.

*Relevant Contractual Provisions*

The LRA states in part, "The Exclusive Licensing Period will commence with the payment of a $100,000 first year's Royalty Fee, or alternatively, the placement of an equipment order by the Licensee with the Licensor . . . as spelled out in Goodnature National Quotation #1940 Revision 3, dated September 17, 2009 (included as Addendum A) . . . ." Id. at p.2 ¶ 4.a. The LRA was signed by Plaintiffs on October 24, 2009, and signed by Wettlaufer on October 25, 2009. See Wettlaufer Dec. Ex. 1 at p.4. Also, with respect to choice of law and venue, the LRA in relevant part states: "All disputes regarding the interpretation of this contract shall be settled in the courts of Buffalo, NY, USA according to the laws of this place." Id. at p.4 ¶ 17.

The Quotation appears to be identified as Addendum A to the LRA. See id. at Ex. 1. The Quotation is dated September 17, 2009. See id. Under a section entitled "Governing Law," the Quotation reads: "This Agreement shall be deemed to have been entered into in the state of New York and shall be governed and interpreted in accordance with the laws of the state of New York . . . . All disputes will be settled in Buffalo, New York." Id. at Ex. 1 at p.17.

*Discussion*

Plaintiffs' opposition boils down to a contention that there is no unambiguous forum selection clause that applies in this case. The Court disagrees.

It does not appear that the LRA and the Quotation are intended to be separate and unrelated documents. Under New York law, which governs the LRA and the Quotation, "all writings forming part of a single transaction are to be read together." This Is Me, Inc. v. Taylor, 157 F.3d 139, 143 (2d Cir. 1998); see also Singer v. Xipto, 852 F.Supp.2d 416, 424 (S.D. N.Y. 2012). "To determine whether contracts are separable or entire, the primary standard is the intent manifested, viewed in the surrounding circumstances." County of Suffolk v. Long Is. Power Auth., 100 A.D.3d 944, 947 (2012).

Here, the LRA attached the Quotation as an addendum, and expressly referenced the Quotation as part of a paragraph that explained when an exclusive license arose. See Wettlaufer Dec. Ex. 1. The Quotation is not separately signed apart from the LRA, and the Quotation states that it does not become effective until Plaintiffs accept it. See id. The Quotation is expressly a part of the LRA, and has no meaning apart from the LRA other than as an offer. Given the nature of the LRA and the Quotation, the LRA and the Quotation are not separable, but are entire, and should be read together. See This Is Me, 157 F.3d at 143; Singer, 852 F.Supp.2d at 424; County of Suffolk, 100 A.D. 3d at 947.

In terms of contract interpretation, "ambiguity exists where a contract term could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 53 (2d Cir. 2012);

3

Oppenheimer & Co. v. Trans Energy, Inc., 946 F.Supp.2d 343, 348 (S.D. N.Y. 2013); see Brad H. v City of New York, 951 N.E.2d 743, 746 (N.Y. 2011) (noting that where a contract's language is "written so imperfectly that it is susceptible to more than one reasonable interpretation," it is deemed to be ambiguous.). The language of a contract "is not made ambiguous simply because the parties urge different interpretations." Oppenheimer, 946 F.Supp.2d at 348.

Here, there is no dispute that the LRA's forum selection clause identifies the courts of Buffalo, New York as the venue for all disputes regarding interpretation. Although the Quotation's forum selection clause does not use the phrase "in the courts of," the Court does not find ambiguity. First, Plaintiffs do not put forth either an interpretation of the Quotation's forum selection clause alone or an interpretation of the LRA's and the Quotation's forum selection clauses together. There is no ambiguity without at least two reasonable meanings. See Bayerische Landesbank, 692 F.3d at 53; Brad H., 951 N.E.2d at 746. Second, as it stands, no logical reason is apparent for requiring some disputes to be litigated in Buffalo's courts, but not other disputes. Both clauses contain language regarding settling disputes in Buffalo. Reading both forum selection clauses as designating the courts in Buffalo to settle disputes is a more logical interpretation. Third, other courts who have examined forum selection clauses that designate a particular city, county, or country for the place to "settle" all disputes, but that do not reference "courts," find such clauses to be clear and enforceable. E.g. Kevlin Servs, Inc. v. Lexington State Bank, 46 F.3d 13, 14-15 (5th Cir. 1995) (clause required that disputes "shall be settled in Dallas County, Texas"); QT Trading L.P. v. M/V Saga Morus, 2010 U.S. Dist. LEXIS 144887, *4 (C.D. Cal. Nov. 5, 2010) (clause required that all disputes "shall be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the Carrier and the Merchant."); James N. Gray Co. v. Airtek Sys., Inc., 2006 U.S. Dist. LEXIS 2516, *6 (E.D. Ky. Jan. 24, 2006) (clause required any disputes regarding a contract to be settled in Fayette County, Kentucky); Baosteel Am., Inc. v. M/V Ocean Lord, 257 F.Supp.2d 687, 689 (S.D. N.Y. 2003) (clause required that all disputes "shall be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the Carrier and the Merchant."); 3-D Advertising Cop. v. Delta Warranty, 1990 U.S. Dist. LEXIS 420, *4 (S.D. N.Y. Jan. 18, 1990) (clause required that any dispute or interpretive act be "settled in the

forum of the State of Washington, County of King, pursuant to the law then existing in that jurisdiction."). From these cases, and in the absence of some unique circumstance, identifying a place where disputes will be settled is the functional equivalent of stating that the case will be settled in the courts of that place. See id. In sum, Plaintiffs have not shown that either the LRA's forum selection clause or the Quotation's forum selection clause is ambiguous.

Plaintiffs' opposition rested on a finding of ambiguity. Plaintiffs did not address *Atlantic Marine*, other than to say that it did not involve an ambiguous forum selection clause. Plaintiffs also did not argue that enforcement of the forum selection clause was otherwise improper, or argue that their claims are outside the scope of the forum selection clauses.[1] Forum selection clauses may be enforced under 28 U.S.C. § 1404(a). See Atlantic Marine, 134 S.Ct. at 579. Because enforcement of a valid forum selection clause protects the parties' expectations, furthers vital interests in the justice system, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Id. at 581. In the absence of other arguments by Plaintiffs, the Court will follow *Atlantic Marine* and transfer this case to the Western District of New York pursuant to the forum selection clauses and 28 U.S.C. § 1404. See id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to transfer (Doc. No. 6) is GRANTED; and
2. The Clerk is directed to TRANSFER this case forthwith to the Federal District Court for the Western District of New York, Buffalo Division.

IT IS SO ORDERED.

Dated:   December 3, 2014                    _____
                                             SENIOR DISTRICT JUDGE

---

[1] "[W]here the alleged conduct of nonparties [to a contract] is closely related to the contractual relationship, a range of transaction participants, parties, and non-parties, should benefit from and be subject to forum selection clauses." Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 456 (9th Cir. 2007). Wolverine did not sign the LRA or the Quotation, but did supply corresponding equipment to Plaintiffs. In the absence of a challenge from Plaintiffs, Wolverine may invoke the forum selection clauses. See id.